UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MAURICE FRAZIER, | No. 15-cv-1532 LB |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | [Re: ECF No. 6] |
| DAVE DAVEY, Warden, | |
| Respondent. | |

Maurice Frazier filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2012 murder conviction. The court reviewed his petition and dismissed it with leave to amend to cure two deficiencies, i.e., the failure to identify the federal constitutional right(s) violated and the failure to adequately describe the facts in support of any of the three claims. Mr. Frazier then filed an amended petition for writ of habeas corpus in which he alleged a single claim that his right to due process under the Fifth and Fourteenth Amendments was violated when the trial court denied his motion for a mistrial after an investigator testified that another murder was committed at Mr. Frazier's house. (ECF No. 6 at 6.) Mr. Frazier directed the reader to the attached appellant's opening brief from his appeal to the California Court of Appeal for the details of his due process claim. (*Id.* at 6, 9-41.)

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The exhaustion rule requires that a prisoner in state custody who wishes to challenge his state court conviction in federal habeas proceedings must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). Although the exhaustion requirement is a matter of comity rather than jurisdictional, *see Granberry v. Greer*, 481 U.S. 129, 133-34 (1987), the court generally may not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1).

State court remedies have not been exhausted for the federal due process claim Mr. Frazier presents for federal habeas review. Mr. Frazier stated in his amended petition that, other than his appeal, he did not file any other action in state court to challenge his conviction. (ECF No. 6 at 4.) His federal due process claim therefore had to be presented on direct appeal to exhaust the claim. It was not. The appellant's opening brief in the California Court of Appeal did not assert a claim for a violation of his right to due process under the Fifth or Fourteenth Amendments. And the California Court of Appeal did not discuss such an issue in its decision. *See People v. Frazier*, Cal. Ct. App. Case No. A134351. "A party may file a petition in the Supreme Court for review of any decision of the Court of Appeal." *See* Cal. Rule of Court 8.500(a). The rule contemplates that the California Supreme Court will review the California Court of Appeal's decision, and implicitly requires that the issue have been presented to, or raised by, the California Court of Appeal. That did not occur here.

Although the record before this court does not include Mr. Frazier's petition for review in the California Supreme Court, it can be determined that he did not present to the California Supreme Court a claim for a violation of his right to due process under the Fifth and Fourteenth Amendments because the issue was not raised in the California Court of Appeal. (The California Supreme Court may specify an additional issue to be briefed, *see* Cal. Rule of Court 8.516(a), but did not do so in Mr. Frazier's case. *See People v. Frazier*, Cal. S. Ct. Case No. S217191.[1] Mr. Frazier therefore never fairly presented to the highest state court the claim that he now wishes this court to consider. His federal petition is fully unexhausted.[2]

The district court must dismiss a petition that contains only unexhausted claims. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir 2006); *Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001). The court does not have the authority to grant a stay for a petitioner to return to state court to exhaust his state court remedies when the federal petition contains only unexhausted claims. *See Rose v. Lundy*, 455 U.S. at 510; *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009) (stay under *Rhines v. Weber*, 544 U.S. 269 (2005), only available for a mixed petition).

This action therefore will be dismissed. The dismissal is without prejudice to Mr. Frazier filing a new petition for writ of habeas corpus in this court after he exhausts state court remedies as to each claim contained in his new petition. Because this action is being dismissed today, Mr. Frazier cannot file an amended petition in this action. Instead, he must file a new petition and a new case number will be assigned it when he returns after exhausting state court remedies.

Finally, **a matter of extreme importance for Mr. Frazier and requiring his immediate attention**. There is a one-year statute of limitations for the filing of a federal habeas petition. 28 U.S.C. § 2244(d). Mr. Frazier may be very near to the end of that one-year limitations period. To

---

[1] The California Court of Appeal's opinion, as well as the docket sheets for both the California Court of Appeal and the California Supreme Court are available online at http://appellatecases.courtinfo.ca.gov.

[2] It is preferable for the court to raise the exhaustion problem *sua sponte* in this case rather than to wait for respondent to raise it in a motion to dismiss. By the time a motion to dismiss is fully briefed, it likely would be too late for Mr. Frazier to be able to return to state court to exhaust state court remedies and file a new federal petition.

1  reduce the likelihood that a future federal habeas petition will be time-barred, Mr. Frazier should act
2  very quickly to file a petition for writ of habeas corpus in the California Supreme Court to exhaust
3  his state court remedies, and then act very quickly to file a new federal petition for writ of habeas
4  corpus if and when the California Supreme Court denies his petition.

5  For the foregoing reasons, this action is DISMISSED without prejudice because Mr. Frazier did
6  not exhaust state court remedies before filing his federal petition for writ of habeas corpus.

7  The clerk shall close the file.

8  **IT IS SO ORDERED.**

9  Dated: June 5, 2015

10  _____
    LAUREL BEELER
    United States Magistrate Judge